UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MORRIS C. ANDERSON, | No. 2:20-cv-01504 CKD (SS) |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("Act"), respectively.  The parties have consented to Magistrate Judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment.  For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1976, applied on December 23, 2016 for DIB, and on September 5, 2017 for SSI, both times alleging disability beginning October 10, 2016.  Administrative Transcript ("AT") 10, 20, 164-167.  Plaintiff alleged he was unable to work due to impairment and arthritis

1

in both knees. AT 51. In a decision dated August 5, 2019, the ALJ determined that plaintiff was not disabled.[1] AT 10-21. The ALJ made the following findings (citations to 20 C.F.R. omitted):

> 1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2020.
>
> 2. The claimant has not engaged in substantial gainful activity since October 10, 2016, the alleged onset date.
>
> 3. The claimant has the following severe impairments: lumbar and cervical strain/sprain; status post bilateral knee surgery[2] and osteoarthritis of the bilateral knees; asthma; obesity, asthma, and depressive disorder.

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

[2] Plaintiff underwent surgery on both knees in 2017. AT 15.

2

    4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

    5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work, except stand or walk for 2 hours and sit for 6 hours; occasionally bend, kneel, stoop, crouch, crawl, and never climb ladders, ropes, scaffolds, and working at heights; occasionally walk on uneven terrain; no concentrated exposure to dust, fumes, gases; occasionally push and pull with the lower extremities; and simple unskilled work.

    6. The claimant is unable to perform any past relevant work.[3]

    7. The claimant was born on XX/XX/1976 and was 40 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date.

    8. The claimant has at least a high-school education and is able to communicate in English.

    9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

    10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

    11. The claimant has not been under a disability, as defined in the Social Security Act, from October 10, 2016, through the date of this decision.

AT 13-21.

    Based on VE testimony, the ALJ found that plaintiff could perform the requirements of representative occupations such as electric accessory assembler, collector operator, and mail clerk.  AT 21.

ISSUES PRESENTED

    Plaintiff argues that the ALJ committed the following error in finding plaintiff not disabled: The ALJ failed to resolve an apparent conflict between the VE testimony and the Dictionary of Occupational Titles.

---

[3] The vocational expert (VE) considered plaintiff's past relevant work as a truck mechanic, tool room attendant, truck mechanic helper, and special vehicle mechanic.  AT 20.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

ANALYSIS

Plaintiff asserts that, at Step Five, the ALJ did not resolve an apparent inconsistency between the vocational expert's (VE's) testimony and the Dictionary of Occupational Titles. Plaintiff argues that the ALJ's residual functional capacity (RFC), limiting him to standing and walking two hours in an 8-hour workday, conflicts with the occupations the VE testified that plaintiff could perform: electric accessory assembler, collector operator, and mail clerk.

////

The United States Department of Labor, Employment & Training Administration's Dictionary of Occupational Titles ("DOT") is routinely relied on by the SSA "in determining the skill level of a claimant's past work, and in evaluating whether the claimant is able to perform other work in the national economy." Terry v. Sullivan, 903 F.2d 1273, 1276 (9th Cir. 1990). The DOT classifies jobs by their exertional and skill requirements. The DOT is a primary source of reliable job information for the Commissioner. 20 C.F.R. § 404.1566(d)(1); see Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995) (reliance on the DOT acts as a presumption that may be rebutted by the testimony of a vocational expert); see also Social Security Ruling 00-4p (providing that when there is an apparent unresolved conflict between the vocational expert's testimony and the DOT, the ALJ must clarify the discrepancy). Under Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015), "[w]hen there is an apparent conflict between the [VE's] testimony and the DOT – for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle – the ALJ is required to reconcile the inconsistency."

Here, the ALJ determined that plaintiff could not perform the full range of light work; rather, "his ability to perform all or substantially all of the requirements of this level of work has been impeded by substantial limitations." AT 21. The ALJ questioned the VE whether jobs existed in the national economy for someone with plaintiff's RFC, including a 2-hour limit on standing and walking, and a 6-hour limit on sitting. AT 45-46. The VE testified that, under this hypothetical, plaintiff could perform jobs "[a]t the light exertional level . . . bench type work[.]" AT 46. The VE then identified three examples of light work an individual with these limitations could perform: electric accessory assembler (DOT 729.687-010), collator operator (DOT 208.685-010), and mail clerk (DOT 209.687-026). AT 46-47.

The DOT defines "light work" as follows:

> Light work. The regulations define light work as lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted in a particular light job may be very little, a job is in this category when it requires a good deal of walking or standing--the primary difference between sedentary and most light jobs. A job is also in this category when it involves sitting most of the time but with some pushing and

> pulling of arm-hand or leg-foot controls, which require greater exertion than in sedentary work; e.g., mattress sewing machine operator, motor-grader operator, and road-roller operator (skilled and semiskilled jobs in these particular instances). Relatively few unskilled light jobs are performed in a seated position.

SSR 83-10 (emphasis added).

Similarly, describing the strength required for the three jobs identified by the VE, the DOT explains:

> Even though the weight lifted may be only a negligible amount, a job should be rated Light Work: (1) when it requires walking or standing to a significant degree; or (2) when it requires sitting most of the time but entails pushing and/or pulling of arm or leg controls; and/or (3) when the job requires working at a production rate pace entailing the constant pushing and/or pulling of materials even though the weight of those materials is negligible.

DICOT 729.687-10 (electrical accessories assembler), 1991 WL 679733; DICOT 208.685-010 (collator operator), 1991 WL 671753; and DICOT 209.687-026 (mail clerk), 1991 WL 671813 (emphasis added). As the court reasoned in a similar case, "nothing in the DOT's description of these positions requires standing or walking six hours in an eight-hour workday. On the contrary, it allows for jobs that involve mostly sitting." Caballero v. Colvin, 2015 WL 5768376 at *5 (C.D. Cal. Sept. 29, 2015) (concluding that plaintiff's 4-hour limitation on standing and walking did not conflict with the light jobs identified by the VE); see also William E.S. v. Berryhill, 2019 WL 1206483 at *3 (C.D. Cal. March 14, 2019) (2-hour walking and standing limitation and 6-hour sitting limitation were consistent with "bench light" jobs identified by the VE, such that ALJ was not required to resolve conflict); Willrodt v. Astrue, 2010 WL 2850785 at *2-3 (C.D. Cal. July 19, 2010) (2-hour walking and standing limitation was consistent with light jobs identified by VE that involved mostly sitting, such that ALJ was not required to resolve conflict).

Plaintiff has not shown that any of the three jobs identified by the VE (i.e., "bench type" light jobs) involved DOT requirements that appeared to exceed plaintiff's standing or walking abilities. Thus, plaintiff has not shown reversible error at Step Five.

////

////

////

CONCLUSION

For the reasons stated herein, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is denied;

2. The Commissioner's cross-motion for summary judgment (ECF No. 18) is granted; and

3. Judgment is entered for the Commissioner.

Dated:  November 17, 2021

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/anderson1504.ssi.ckd